## JACKSON v. CITIES SERVICE CO.
### No. 2.

District Court, D. Delaware.

June 19, 1936.

James R. Morford (of Marvel, Morford, Ward & Logan), of Wilmington, Del., for plaintiff.

Hugh M. Morris and Alexander L. Nichols, both of Wilmington, Del., for defendant.

NIELDS, District Judge.

September 29, 1933, Forrest L. Jackson brought an action of trover against Cities Service Company. Plaintiff filed a declaration with two counts and in each expressly alleged the conversion by defendant of certain of the shares of its common capital stock owned by plaintiff and in each of said counts expressly alleged that the conversion took place May 21, 1930. Defendant filed a plea of the statute of limitations to the effect that the cause of action in the declaration

mentioned did not accrue at any time within three years next before the commencement of this suit. Plaintiff demurred to the plea and defendant entered a joinder in demurrer. The demurrer raises the single question of the legal sufficiency of defendant's plea of the statute of limitations.

Defendant relies on section 4671 of the Revised Code of Delaware of 1915: ·

"No action of trespass, no action of replevin, no action of detinue, no action of debt not found upon a record or specialty, no action of account, no action of assumpsit, and no action upon the case shall be brought after the expiration of three years from the accruing of the cause of such action."

Trover does not appear among the personal actions expressly enumerated in the act. There is no other statute of Delaware relating to the time for bringing an action of trover. Such limitation, however, is clearly implied in the words "no action upon the case shall be brought after the expiration of three years from the accruing of the cause of such action." That such is the sound construction of the statute appears from a consideration of its history. In 1792 the act of limitations upon personal actions provided:

"All actions of trespass vi et armis, quare clausum fregit; all actions of detinue, trover, and replevin, for taking away goods or chattels; all actions upon account and upon the case; (other than actions between merchant and merchant, their factors and servants, relating to merchandise;) all actions upon the case for words; all actions of debt grounded upon any lending or contract without specialty; all actions of debt for arrearages of rent; and all actions of trespass, assault, battery, menace, wounding, or imprisonment, shall be commenced and sued within three years next after the cause of such action or suit shall accrue, and not after." 2 Laws Del. c. 248.

In the above act, trover was expressly included among the several actions enumerated and the time limited to three years.

In 1829 the Delaware statute was altered to read:

"That no action of trespass, no action of replevin, no action of detinue, no action of debt not founded upon a record or specialty, no action of account, no action of assumpsit *and no action upon the case whatever*, shall be brought after the expiration of three years from the accruing of the cause of such action: * * *." (Italics supplied.) 7 Laws Del. c. 137, § 5. ·

It will be observed that the word "trover" is omitted from this statute, but that the words "action upon the case" are directly followed by the significant word "whatever." The Legislature of 1829 did not omit the express reference to actions of trover in the earlier statute without substituting an equivalent expression. Clearly the Legislature of 1829 intended to provide a limitation upon actions of trover by the words "action upon the case whatever."

The next and present form of the statute appears in the Code of 1852, chapter 123, § 6, reads:

"No action of trespass, no action of replevin, no action of detinue, no action of debt not found upon a record or specialty, no action of account, no action of assumpsit, and no action upon the case shall be brought after the expiration of three years from the accruing of the cause of such action."

Here the word "whatever" was omitted. The omission of the word "whatever" was not to exempt actions of trover from limitation. To so construe the statute would be inconsistent with all former acts as well as contrary to the broad policy to provide some limitation upon all personal actions.

Three hundred years ago the courts of England dealt with a somewhat similar case. An action of trover and conversion was brought for a ship and nine pieces of ————. Defendant pleaded 21 Jac. 1, c. 16, of Limitation of Actions. Plaintiff moved that the action of trover was not within the statute; although the words "actions of debt, detinue, actions upon trover, account, etc., shall be brought within the time after limited," yet, in the perclose actions of trover are not mentioned. Held:

"But all the court conceived, although actions of trover are not mentioned in the perclose, yet the words being, that 'actions upon the case shall be brought within six years, and actions for words within two years,' in those general words of 'actions upon the case' the action of trover is implied; wherefore it [the motion] was not allowed." Swayn and Others v. Stephens, 79 English Reprint 815.

That trover was an action of trespass on the case appears in Chitty:

"The action of *trover* or *conversion* was, in its origin, an action of trespass on the case for the recovery of damages against a person who had *found* goods, and refused to deliver them on demand to the owner, but *converted* them to his own use; from which word *finding (trover)* the remedy is called

an action of trover." 1 Chitty's Pleading (14th American Ed. 146.)

Judge Woolley in his accurate and learned treatise on Delaware Practice states:

"Sec. 1522. * * * The practice and procedure which governs actions of trespass upon the case, however, still maintain with respect to actions of trover. While any original process appropriate for instituting actions on the case may likewise be employed to institute actions in trover, the writ of summons is the process most frequently resorted to. In an action of trover, begun by summons, the writ is obtained by *præcipe*, as in other cases begun by summons. The writ of summons in trover differs only from a writ of summons in case, in the plea, by which the defendant is informed of the nature of the action to which he is summoned to answer. The writ is drawn, tested, signed, sealed, noted, served and returned as a writ of summons in case, excepting that the plea shows the action to be in trover. After the issuing of the writ, the whole practice relating to service, return, appearance, rules to plead, issue, publication, trial, verdict, judgment, error and execution is the same as that which relates to an action on the case."

For over eighty years, the bar of Delaware has suffered the statute of 1852 to stand unaltered. A limitation of three years upon all forms of personal action has been accepted.

The demurrer must be overruled.